IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIDGETTE RIDER,

        Plaintiff,                       No. 2:09-cv-02125 WBS KJN

     v.

SACRAMENTO COUNTY
SHERIFF'S DEPARTMENT and
DOES 1 through 100, inclusive,

        Defendants.               ORDER

_____/

        Presently before the court is defendant Sacramento County Sheriff's Department's ("Sheriff's Department") "Request for an Enlargement of Time to File Dispositive Motions," which was filed on Friday, October 22, 2010.[1] (Dkt. No. 16.) The Sheriff's Department seeks a 40-day extension of the dispositive motion filing deadline from October 25, 2010, to December 3, 2010.[2] For the reasons that follow, the undersigned will deny the Sheriff's

---

[1] The Status (Pretrial Scheduling) Order in this case provides that "[a]ny requests to modify the dates or terms of this Scheduling Order, except requests to change the date of the trial, may be heard and decided by the assigned Magistrate Judge." (Dkt. No. 9 at 4.)

[2] The Status (Pretrial Scheduling) Order in this case provides that "[a]ll motions, except motions for continuances, temporary restraining orders, or other emergency applications, shall be filed on or before October 25, 2010." (Dkt. No. 9 at 3.)

1

Department's request without prejudice.

In short, the Sheriff's Department's request is procedurally defective. First, although styled as a "request," the pending matter is in fact a motion for modification of the scheduling order. However, the Sheriff's Department has not properly noticed this motion pursuant to Eastern District Local Rule 230(a). And although the Sheriff's Department filed its request only <u>one court day</u> before the expiration of the law and motion filing deadline, it did not file an application to shorten time with respect to any hearing on a motion to modify the scheduling order. Accordingly, the undersigned will not resolve this request insofar as it should have been filed as a noticed motion.

Second, the Sheriff's Department's request is procedurally defective to the extent that it is intended to be an ex parte request for an extension, as provided for by Local Rule 144(c). Such an ex parte request must include an "affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained and the reasons why the extension is necessary." E. Dist. Local Rule 144(c). The affidavit of the Sheriff's Department's counsel does not satisfy the requirements for the grant of an initial ex parte extension in that it does not explain any efforts to obtain a stipulation extending time or the reasons why such a stipulation cannot be obtained. It simply states: "We do not believe plaintiff will be prejudiced by this short delay, nor will this require a resetting of any trial or pretrial hearing."[3] (Rivera Decl. ¶ 8, Dkt. No. 16.)

Finally, it appears to the undersigned that the Sheriff's Department's request is inconsistent with the policies announced in the Local Rules. In particular, Local Rule 144(d) states:

> **(d) Time for Requesting Extensions.** Counsel shall seek to obtain a

---

[3] The Sheriff's Department's counsel clearly knows how to request and obtain a stipulation from opposing counsel, which is demonstrated by the parties' stipulation to extend the discovery completion deadline in this case. (<u>See</u> Dkt. Nos. 14, 15.) It is unclear on the record before the court why a similar stipulation was not sought or obtained.

        necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent. Requests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor.

Here, the Sheriff's Department filed its ex parte request for an extension on Friday, October 22, 2010, which is one court day before the expiration of the law and motion filing deadline. Additionally, it is apparent from the Rivera Declaration that counsel knew about its impacted schedule far in advance of the filing of this request. Thus, the request before the court is not consistent with Local Rule 144(d), and, as a general matter, is looked on with disfavor.

        For the reasons stated above, IT IS HEREBY ORDERED that the Sheriff's Department's "Request for an Enlargement of Time to File Dispositive Motions" (Dkt. No. 16) is denied without prejudice.

        IT IS SO ORDERED.

DATED: October 26, 2010.

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3